**Timmie S. HICKS, Plaintiff,**

v.

**INTERCONTINENTAL ACCEPTANCE CORPORATION, Timothy S. Howell, the Credit Bureau of Jacksonville and Onslow County, Inc., and Chemical Bank, Defendants.**

**No. 93–749–CIV–5–BR.**

United States District Court, E.D. North Carolina, Raleigh Division.

Jan. 10, 1994.

Timmie S. Hicks, plaintiff pro se.

Thaddeus B. Hodgdon and Martha Jean Frisone, Silverstein & Hodgdon, Raleigh, NC, for Intercontinental Acceptance Corp.

Carlos Mark Baldwin, Jacksonville, NC, for the Credit Bureau of Jacksonville and Onslow County, Inc.

## ORDER

DENSON, United States Magistrate Judge.

THIS CAUSE comes before the court on Plaintiff's Response to the Court's Order to Show Cause why the Federal Trade Commission should not be stricken as a party plaintiff.

### A

Plaintiff filed a complaint against several creditors alleging violations of Federal Trade Commission rules and regulations. In the caption of his action, Plaintiff included the Federal Trade Commission as a party plaintiff. Plaintiff argues that the Federal Trade Commission should be joined in this action as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. Plaintiff claims that the Federal Trade Commission is an indispensable interested party to this cause of action. Therefore, according to Plaintiff, it is impossible for him to gain complete relief without the inclusion of the Federal Trade Commission as a party. In addition, Plaintiff asserts that the Federal Trade Commission must participate in this action in order to enforce its own rules and regulations allegedly violated by Defendants.

### B

Rule 19(a) of the Federal Rules of Civil Procedure describes the joinder of parties necessary for just adjudication. "If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff." Fed.R.Civ.P. 19(a). In this action Plaintiff seeks to join the Federal Trade Commission as an involuntary plaintiff.

"The law generally disfavors forced joinder of a party as a plaintiff with whatever procedural handicaps that normally entails. Under our adversary system the general rule is that only the party who initiates the lawsuit should be saddled with the procedural burdens of a plaintiff." *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973), *reh'g denied*, 475 F.2d 1404 (5th Cir. 1973). Because such joinder is disfavored, the "proper case" requirement has been interpreted to mean that a party may only be joined as an involuntary plaintiff if that party "(1) has an obligation to permit its name or title to be used to protect rights asserted in the action; (2) is beyond the jurisdiction of the court; and (3) has refused to voluntarily join in the action following notification thereof." *Sheldon v. West Bend Equipment Corp.*, 718 F.2d 603, 606 (3rd Cir.1983) (citing *Independent Wireless Telegraph Co. v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926) for support). In this case, Plaintiff has failed to satisfy two of the conditions necessary to establish a "proper case" for joinder.

### C

First, the Federal Trade Commission has no obligation to permit the use of its

name by Plaintiff. In *Caprio v. Wilson*, 513 F.2d 837 (9th Cir.1975), the court evaluated a motion by the appellant to have the United States Post Office joined as an involuntary plaintiff. The appellant concluded that because his suit alleged violations of United States postal regulations by the appellee, the Post Office had to be joined in order to afford complete relief. Despite the fact that the doctrine of sovereign immunity prevented joinder of the Post Office as a defendant, the court upheld the denial of the motion for joinder of the Post Office as an involuntary plaintiff. "In the present case, no trust relationship exists between appellant and the Post Office. Each has an independent right which may be exercised." *Caprio*, 513 F.2d at 840.

The Federal Trade Commission, like the United States Post Office in *Caprio*, has an independent right to investigate the alleged violations of its rules and regulations by Defendants. Plaintiff has established no existence of a "trust relationship" with the Federal Trade Commission. In fact, the Federal Trade Commission's only relationship to this case is suggested by Plaintiff's presumption that the Commission has an obligation to "protect the public and to insure compliance to the Fair Debt Collection Practices Act." Plaintiff's Motion to Show Cause at 5. This presumption simply suggests that Plaintiff and the Federal Trade Commission may have similar interests, but "[t]he Rule clearly does not mean that whenever an absent party is properly alignable as a plaintiff in a lawsuit, he should be brought in under Rule 19(a) as an 'involuntary plaintiff.'" *Eikel*, 473 F.2d at 962.

### D

■ Plaintiff has also failed to meet the third requirement for establishing a "proper case" for joinder of the Federal Trade Commission as an involuntary plaintiff. There is no indication in Plaintiff's Complaint or response to the Show Cause Order that the Federal Trade Commission was notified of Plaintiff's action and refused to join voluntarily. The Complaint states only that Plaintiff mailed two letters to the Federal Trade Commission to complain about Defendants' actions. Plaintiff has made no allegation that he at any time notified the Federal Trade Commission of this action. Plaintiff cannot simply name the unaware Federal Trade Commission as a party plaintiff to his suit. Absent a showing of notification and subsequent refusal, joinder of the Federal Trade Commission as an involuntary plaintiff is inappropriate.

### E

■ In addition, Plaintiff alleges that the Federal Trade Commission must participate in this action because its own rules and regulations have been violated. Even if this allegation is true, the Federal Trade Commission's decision to investigate or prosecute the Defendants is completely discretionary. The Fourth Circuit applies the rule that "[u]nder the Administrative Procedures Act, a decision not to undertake enforcement is presumed immune from judicial review." *Dorsey v. Housing Authority of Baltimore City*, 984 F.2d 622, 633 (4th Cir.1993) (citing *Sierra Club v. Larson*, 882 F.2d 128 (4th Cir. 1989) and *Heckler v. Chaney*, 470 U.S. 821, 827–35, 105 S.Ct. 1649, 1653–54, 84 L.Ed.2d 714 (1985) for support). Therefore, even accepting Plaintiff's allegation that the Federal Trade Commission's purpose is to "protect the public and to insure compliance to the Fair Debt Collection Practices Act," the Commission, not Plaintiff, has the discretion to decide when that protection is necessary.

### CONCLUSION

Plaintiff has not shown that the Federal Trade Commission has any obligation to permit its name to be used to protect the rights asserted in this action. Plaintiff also has not shown that the Federal Trade Commission refused to participate voluntarily in this action following notification. Under these circumstances, the Federal Trade Commission cannot be joined as an involuntary plaintiff under Rule 19(a) of the Federal Rules of Civil Procedure. Accordingly, the Federal Trade Commission IS HEREBY STRICKEN as a party plaintiff.

SO ORDERED.