MURNAGHAN, Circuit Judge,
concurring:
I am in agreement with the result reached in the lead opinion to the extent that it finds the actions of the Legal Services Corporation (“LSC” or “Corporation”) unreviewable and Regional Management Corporation’s claim under the Freedom of Information Act moot. I disagree, however, with the reasoning advanced in the opinion regarding reviewa-bility and so write separately.
. The lead opinion concludes that, because the Corporation is not subject to the Administrative Procedures Act (“APA”) and because the Legal Services Corporation Act (“LSC Act”) does not provide a private right of action, the Corporation’s decision that certain recipients of the Corporation’s funds did not unlawfully lobby the South Carolina General Assembly and the Georgia Commissioner of Insurance is not subject to judicial review. To the contrary, there exists a presumption of reviewability that can be overcome only if Congress’ intent to preclude such review is “fairly discernible in the statutory scheme.” Block v. Community Nutrition Institute, 467 U.S. 340, 350-51, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984). There is no such congressional intent evident in the case at bar. The case does involve, however, the Corporation’s exercise of its discretion not to bring an enforcement action, which is beyond the power of judicial review. On that *467 basis, the district court’s decision should be vacated.
There are generally three mechanisms through which a litigant can challenge the legality of a federal agency’s action: (1) the agency can be governed by the APA; (2) a particular regulatory scheme can contain an explicit provision for obtaining judicial review of agency actions under that scheme; or (3) the statute the litigant claims to be violated can provide a litigant with a private right of action to enforce the act. See Hoefler v. Babbitt, 139 F.3d 726, 728 (9th Cir.), cert. denied, — U.S. -, 119 S.Ct. 70, 142 L.Ed.2d 55 (1998). Since the Corporation is not “a department, agency, or instrumentality, of the Federal Government,” 42 U.S.C.A. § 2996d(e)(l), its decisions are not reviewable under the APA. See Spokane County Legal Services, Inc. v. Legal Services Corp., 614 F.2d 662, 669 (9th Cir.1980); Texas Rural Legal Aid, Inc. v. Legal Services Corp., 940 F.2d 685, 690, 696 (D.C.Cir.1991). Furthermore, the LSC Act does not contain any provision for judicial review of the Corporation’s decision, nor any provision that affords Regional Management Corporation (“Regional”) a private right of action. The Corporation, therefore, concludes (as does the lead opinion) that Congress did not intend the Corporation’s actions to be generally subject to judicial review.[1]
Contrary to the Corporation’s conclusion, however, “[sjtatutory silence ... does not indicate a legislative intent to preclude judicial review.” San Juan Legal Services, Inc. v. Legal Services Corp., 655 F.2d 434, 438 (1st Cir.1981) (relying on Stark v. Wickard, 321 U.S. 288, 309-10, 64 S.Ct. 559, 88 L.Ed. 733 (1944)). As the First Circuit explained in San Juan Legal Services, “[tjhere is no presumption against judicial review and in favor of administrative absolutism unless that purpose is fairly discernible in the statutory scheme. And the preclusion of judicial review ‘is not lightly to be inferred.’ ”[2] 655 F.2d at 438 (finding nothing in the LSC Act or its legislative history suggesting that judicial review of a defunding hearing is precluded) (internal citations omitted); see also Texas Rural Legal Aid, 940 F.2d at 697 (finding “nothing in the Act or the legislative history to suggest that [Congress] meant to insulate LSC’s actions from judicial review”). Indeed, absent “clear and convincing evidence”[3] of a contrary congressional intent, there is a “presumption in favor of judicial review” of *468 administrative action.[4] Armstrong v. Bush, 924 F.2d 282, 291 (D.C.Cir.1991) (relying on Abbott Laboratories v. Gardner, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)); see also Electricities of North Carolina, Inc. v. Southeastern Power Administration, 774 F.2d 1262, 1266 (4th Cir.1985) (“Agency actions are presumptively subject to judicial review except where Congress manifests its intent to preclude such review.”) (relying on Abbott Laboratories, 387 U.S. at 140—41, 87 S.Ct. 1507); Duncan v. West, 153 F.3d 719, 1998 WL 387191 (4th Cir. June 24, 1998) (unpublished) (recognizing strong presumption that Congress intends judicial review of administrative action), cert. denied, — U.S. -, 119 S.Ct. 411, 142 L.Ed.2d 334 (1998). “[Wjhere substantial doubt about the congressional intent exists, the general presumption favoring judicial review of administrative action is controlling.”[5] Block, 467 U.S. at 351, 104 S.Ct. 2450.
The case before us does involve, however, the Corporation’s exercise of its discretion not to bring an enforcement action.[6] As such, it is a matter exclusively within the Corporation’s discretion and beyond the power of judicial review. Congress gave the Corporation the sole authority “to insure the compliance of recipients and their employees with the provisions of the [Act] and the rules, regulations, and guidelines promulgated pursuant to [the Act]....” 42 U.S.C.A. § 2996e(b)(l)(A). The available methods of enforcing the Act include the possible suspension of funding and/or suspension of the employees found to have violated the Act and, after proper notice and hearing, the termination of funding or the termination of the , employees found to have violated the Act, “as deemed appropriate for the violation in question.” 42 U.S.C.A. § 2996e(b)(5). By their terms, the statutory enforcement provisions permit, but do not compel, the Corporation to sanction violations of the Act or of the Corporation’s regulations. See 42 U.S.C.A. § 2996e(b)(5); see also 45 C.F.R. § 1618.5(a) (requiring Corporation to investigate allegations of non-compliance “promptly and attempt to resolve [them] through informal consultation with the recipient”); 45 C.F.R. § 1618.5(b) (giving Corporation discretion to suspend or terminate funding after “attempts at infor *469 mal resolution have been unsuccessful”). Congress has committed the enforcement power to the Corporation’s discretion, and it is therefore not within the court’s power to review.[7] Chaney, 470 U.S. at 831, 105 S.Ct. 1649 (“[A]n agency’s decision not to prosecute or enforce ... is a decision generally committed to an agency’s absolute discretion.”).
I, therefore, concur in the result reached in the lead opinion but believe judicial review is improper in the case at bar because the Corporation is within its prose-cutorial discretion. I submit that the district court’s decision should be vacated on that basis.

.As support for its conclusion, the Corporation points to the legislative history of the Act. When the LSC Act was amended in 1977, the House Report stated that the amendments to the Act would reaffirm the "exclusive authority” of the Corporation to insure compliance with the Act. H. Rep. No. 95-310, 95th Cong., 1st Sess. 6 (1977), reprinted in 1977 U.S.C.C.A.N. 4503, 4504. The House Report further noted that the Act "assures that the Corporation is accountable directly and only to the Congress. That accountability mechanism has worked well and must be preserved.” Id. at 4508. These quotations from the House Report, however, do not refer to judicial reviewability. As the paragraphs preceding the latter quotation make clear, and as the District of Columbia Circuit noted in Texas Rural Legal Aid, Inc. v. Legal Services Corp., 940 F.2d 685, the "statement ... refers only to Congress’s concern to 'protect the Corporation from inappropriate control by the Executive Branch'.... It simply does not address the issue of judicial review of LSC action.” 940 F.2d at 697 (internal citations omitted).

. The First Circuit in San Juan Legal Services recognized that most of the cases on which it relied "involved government agencies and were decided in the shadow of the Administrative Procedure Act.” 655 F.2d at 438 n. 6. The court concluded, however, that the principles were just as applicable to the situation at issue. Id.

. The Supreme Court in Block v. Community Nutrition Institute, 467 U.S. 340, 104 S.Ct. 2450 (1984), noted that the "clear and convincing evidence” standard is not intended in the strict evidentiary sense. Rather, "the Court has found the standard met, and the presumption favoring judicial review overcome, whenever the congressional intent to preclude judicial review is ‘fairly discernible in the statutory scheme.' ” 467 U.S. at 350-51, 104 S.Ct. 2450.

. The presumption of reviewability does not apply to an agency's discretionary refusal to initiate enforcement proceedings. See Heckler v. Chaney, 470 U.S. 821, 837-38, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985).

. The presumption of reviewability "may be overcome by specific language or specific legislative history that is a reliable indicator of congressional intent.” Block, 467 U.S. at 349, 104 S.Ct. 2450; see also Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 670-73, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986) (noting that presumption can be defeated by " 'specific language or specific legislative history that is a reliable indicator of congressional intent,’ or a specific congressional intent to preclude judicial review that is 'fairly discernible’ in the detail of the legislative scheme”). As stated above, no such language exists in the text of the statute, and there exists no reliable legislative history evidencing an intent by Congress to preclude judicial review.

. Regional maintains that the Corporation did not merely exercise its prosecutorial discretion but made an adjudicative decision, including findings of fact and conclusions of law. I do not believe that the Corporation "adjudicated” the allegations at issue. Instead, it conducted a preliminary investigation to determine if the facts alleged in the complaint warranted initiation of an adjudicative process, i.e., the defunding process. The Corporation did not hold a hearing or employ any of the procedures set forth in 45 C.F.R. Parts 1606 and 1625 for defunding proceedings because it made a decision, after the preliminary investigation, that no violation of the Act had occurred. Courts must defer to the agency’s decision when the agency has conducted a preliminary "pre-adjudi-catory” investigation and has decided to take no further action. See generally Sierra Club v. Larson, 882 F.2d 128 (4th Cir.1989) ("The judiciary is ill-equipped to oversee executive enforcement decisions, whereas the agency is equipped to decide where to focus scarce resources, how to handle delicate federal-state relations and how to evaluate the strengths and weaknesses of particular cases.”).

. The presumption of unreviewability can be overcome by a showing that the statute in question provides “guidelines for the agency to follow in exercising its enforcement powers.” Chaney, 470 U.S. at 833, 105 S.Ct. 1649. Also, courts can " 'review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations’ but they 'may not review agency action where the challenge is only to the decision itself.’ ” Electricities of North Carolina, 774 F.2d at 1267.