<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-1984**

———————

RICHARD STOGSDILL; NANCY STOGSDILL, Parent of Richard Stogsdill, on behalf of themselves and other similarly situated persons; ROBERT LEVIN; MARY SELF, Parent of Robert Levin, on behalf of themselves and other similarly situated persons,

        Plaintiffs - Appellants,

      v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHRISTIAN L. SOURA,

        Defendants – Appellees,

      and

KATHLEEN SEBELIUS; CYNTHIA MANN; JOHN DOE 1 THROUGH 20; CMS,

        Defendants.

———————

**No. 15-1986**

———————

RICHARD STOGSDILL; NANCY STOGSDILL, Parent of Richard Stogsdill, on behalf of themselves and other similarly situated persons; ROBERT LEVIN; MARY SELF, Parent of Robert Levin, on behalf of themselves and other similarly situated persons,

        Plaintiffs - Appellees,

      v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES,

        Defendant – Appellant,

and

KATHLEEN SEBELIUS; CYNTHIA MANN; JOHN DOE 1 THROUGH 20; CMS;
CHRISTIAN L. SOURA,

                    Defendants.

_____

Appeals from the United States District Court for the District
of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior
District Judge.  (3:12-cv-00007-JFA)

_____

Argued:  December 9, 2016              Decided:  January 5, 2017

_____

Before DUNCAN, AGEE, and HARRIS, Circuit Judges.

_____

Dismissed and remanded by unpublished per curiam opinion.

_____

**ARGUED**: Patricia L. Harrison, Columbia, South Carolina, for
Appellants/Cross-Appellees.  Damon C. Wlodarczyk, RILEY POPE &
LANEY, LLC, Columbia, South Carolina, for Appellees/Cross-
Appellant.  **ON BRIEF**: Peter M. Balthazor, RILEY POPE & LANEY,
LLC, Columbia, South Carolina, for Appellees/Cross-Appellant.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Stogsdill, Robert Levin, and their parent caretakers (collectively, "Appellants") appeal district court orders dismissing certain of their claims and granting judgment against them in a complex action pertaining to the South Carolina Medicaid waiver program. The South Carolina Department of Health and Human Services ("DHHS") cross-appeals. For the reasons given below, we must dismiss both appeals for lack of appellate jurisdiction.

Stogsdill and Levin are severely disabled individuals who have been receiving services under South Carolina's Medicaid waiver program, established under 42 U.S.C. § 1396n(c). The waiver program, administered by DHHS, allows the state to bypass the requirement that aid recipients live in institutions to receive certain Medicaid benefits. Instead, eligible persons, such as Stogsdill and Levin, may avoid institutionalization by receiving home and community-based services. Among the services that have been provided to Stogsdill and Levin are personal-care aide and companion services, respite care, and occupational and speech therapies.

On January 1, 2010, DHHS implemented changes to the waiver program, for what it describes as budgetary reasons. As a result, certain services were capped, while others were excluded altogether. Both Stogsdill and Levin saw a reduction in the

3

services they received. In response, Stogsdill, Levin, and their caretakers brought this action against DHHS and its director at that time, Anthony Keck.

Appellants' complaint raised a long list of claims under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, the Medicaid Act, the Administrative and Procedures Act of the State of South Carolina, and the Supremacy and Due Process Clauses of the United States Constitution. Of particular importance here, included among their ADA claims was an allegation of a general pattern of retaliation by DHHS against "persons who have either exposed abuse or neglect in support of waiver participants." J.A. 595. Both plaintiffs requested, as relief, an order "prohibiting Defendants from retaliating against them or persons who advocate for them in violation of the ADA." Id. Notably, both parties to this appeal – the Appellants and DHHS – take the position that this claim was advanced on behalf of both Stogsdill and Levin.

Both parties moved for summary judgment on all claims. The district court abstained from exercising jurisdiction over Stogsdill's claims, but allowed some of Levin's claims, including those brought under the ADA, to proceed. When considering Levin's ADA claims on the merits, however, the district court considered only whether the 2010 reduction in

4

services violated Levin's rights under the ADA, granting judgment as a matter of law to DHHS on this issue. Stogsdill, Levin, and their caretakers timely appealed, and DHHS noted its cross-appeal from a different portion of the district court's ruling.

The parties have not questioned our jurisdiction, but before we can consider the merits of an appeal, we have an "independent obligation to verify the existence of appellate jurisdiction." Porter v. Zook, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "[O]ur jurisdiction extends only to 'appeals from . . . final decisions of the district courts of the United States.'" United States v. Myers, 593 F.3d 338, 344 (4th Cir. 2010) (quoting 29 U.S.C. § 1291). * A final decision must resolve "all claims as to all parties." Fox v. Baltimore City Police Dep't, 201 F.3d 526, 530 (4th Cir. 2000) (emphasis added). Thus, there is no final order if "it appears from the record that the district court has not adjudicated all of the issues in a case." Porter, 803 F.3d at 696.

In Porter, a habeas petitioner raised two separate claims regarding juror bias. Id. at 697. The district court dismissed the petition after disposing of the first claim "without ruling

---

* There exist only a "few narrow exceptions" to this general rule. Myers, 593 F.3d at 344. None of those exceptions applies here. See id. at 345–48.

5

on or seeming to recognize" the second.  Id. at 698.  Because the court failed to rule on one of the petitioner's claims, it never issued a final decision and, consequently, appellate jurisdiction was lacking.  Id. at 699.  We accordingly dismissed the appeal and remanded for consideration of the second juror bias claim.  Id.

The same result is required here.  When disposing of Levin's ADA claims, the district court considered only whether DHHS "failed to make reasonable modifications to the home and community-based waiver programs to allow Levin to stay in his integrated home-based setting."  J.A. 3436.  It granted judgment as a matter of law to DHHS on this claim, and this claim alone.  It did not "rul[e] on or seem[] to recognize" the retaliation claim that both parties agree Levin had raised in the complaint.  Cf. Porter, 803 F.3d at 698.  Similarly, in determining that it should abstain as to Stogsdill's claims, the district court gave no indication it considered his separate retaliation claim.

As in Porter, we do not fault the district court.  Appellants' complaint "contains a multitude of claims, some of which have multiple subparts," and it is easy to see, in this complex web, how one thread could be lost.  See id. at 699.  Moreover, as defendants argued at a much earlier stage of the proceedings, there is minimal factual development of the Appellants' retaliation claims, which makes them easy to

6

overlook. We of course express no opinion as to whether Levin or Stogsdill's retaliation claims should survive a motion to dismiss, but instead remand for the district court to dispose of the issue in the first instance.

Because the district court did not rule on Levin or Stogsdill's retaliation claims, it did not issue a final order that is reviewable by this court. Accordingly, we must dismiss these appeals and remand the case to the district court for further proceedings.

DISMISSED AND REMANDED