NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES R. TAYLOR,**
*Plaintiff-Appellant,*

**v.**

**TAYLOR MADE PLASTICS, INC.,**
*Defendant-Appellee.*

---

2014-1212

---

Appeal from the United States District Court for the Middle District of Florida in No. 8:12-cv-00746-EAK-AEP, Judge Elizabeth A. Kovachevich.

---

Decided: May 9, 2014

---

JAMES R. TAYLOR, of St. Petersburg, Florida, pro se.

AMY L. DRUSHAL, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., of Tampa, Florida, for defendant-appellee. With her on the brief was ADAM S. BUTKUS.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

James Taylor (James T.) appeals the dismissal of his patent infringement suit by the United States District Court for the Middle District of Florida. The district court held that James T. lacked standing because he was not the sole owner of the patent and his co-owner did not join the suit. We *affirm*.

BACKGROUND

James T. is the inventor of U.S. Patent No. 5,806,566, which is directed to a "storm drainage conduit plug and sealing band therefor." U.S. Patent No. 5,806,566 ('566 patent) [54] (title). The invention is essentially an elastic plug that fits into the open end of a storm drainage conduit or sewer pipe. The patent explains that such a plug is often necessary to prevent dirt and debris from entering the pipe opening during installation at a construction site. James T. is the inventor of several patents in this area, including at least three granted by the United States Patent and Trademark Office and one granted by the Canadian Intellectual Property Office.

At the time James T. obtained the '566 patent, he was married to a woman named Mary Louisa Taylor (Mary T.). The marriage began in 1987 and lasted until 2011. The end of the marriage was marked by a contentious divorce in which the parties disputed many issues, including property ownership.

As part of its final judgment dissolving the marriage, the Florida circuit court ordered an equitable distribution of marital property. Under Florida law, divorce courts have authority to divide marital assets unequally if the court determines that an unequal distribution is warranted by certain equitable considerations. Fla. Stat. § 61.075(1). Assets acquired by either spouse during the marriage are presumed to be marital assets subject to equitable distribution. *Id.* § 61.075(6)(a)(1)(a), (8). These

may include patents. *See Gulbrandsen v. Gulbrandsen*, 22 So. 3d 640, 644 (Fla. Dist. Ct. App. 2009) ("[A] patent is personal property that may be the subject of equitable distribution when the inventor and his or her spouse dissolve their marriage.").

The circuit court found that the Taylors' main assets were the pipe plug patents, which were marital property subject to equitable distribution. Based on its assessment of the equities, the court ordered that proceeds "from the production of the patents" be split unequally, with 60% going to Mary T. and 40% to James T. J.A. 43.

On April 9, 2012, James T. filed this suit against Taylor Made Plastics, Inc. (Taylor Made), alleging infringement of the '566 patent. The complaint alleged that James T. "owned the patent throughout the period of the defendant's infringing acts and still owns the patent." J.A. 22. Taylor Made moved to dismiss the complaint, arguing that James T. lacked standing because Mary T. was a co-owner of the '566 patent by virtue of the divorce, and she had not joined the suit. The district court dismissed the complaint on April 29, 2013.

James T. appealed the dismissal to the United States Court of Appeals for the Eleventh Circuit, which transferred the case to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(1). We review the dismissal for lack of standing de novo. *Fieldturf Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004).

## DISCUSSION

The long-established rule is that a suit for patent infringement must join all co-owners of the patent as plaintiffs. *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891). If any co-owner should refuse to join as a co-plaintiff, the suit must be dismissed for lack of standing. *Id.*; *see also Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998). But a party is not co-owner of a patent

for standing purposes merely because he or she holds an equitable interest in the patent. *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1578–82 (Fed. Cir. 1991). Rather, a co-owner must hold legal title to the patent. *Id.* at 1579 (citing *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 40–41 (1923)). Legal title vests initially in the inventor, and passes to others only through assignment or other effective legal transfer. *Id.* at 1578 n.2.

Before the district court, James T. argued that Mary T. was not the owner of legal title to the '566 patent, but he does not press that argument on appeal.[1] Instead, James T. argues in his brief that the district court erred in dismissing the complaint because Mary T. either (1) joined the suit as a co-plaintiff by participating in mediation or (2) waived participation in the suit by entering an agreement with James T. These arguments need not be discussed in detail, as they are stated only in a cursory fashion without any supporting facts. It is enough to note that James T. has the burden of establishing standing, *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005), and that he has failed to carry that burden.

**AFFIRMED**

COSTS

No costs.

---

[1] In fact, James T.'s appellate brief appears to concede that Mary T. is a co-owner of the patent. *See* Appellant's Br. 1 ("Please rule on the Lower Court's ruling and confirm that by virtue of the lower Court James Taylor and Mary Louisa Taylor are the owners of said patent mentioned in lawsuit.").