# United States Court of Appeals
# for the Federal Circuit

---

**STC.UNM,**
*Plaintiff-Appellant,*

**v.**

**INTEL CORPORATION,**
*Defendant-Appellee.*

---

2013-1241

---

Appeal from the United States District Court for the District of New Mexico in No. 10-CV-01077, Judge Robert C. Brack.

---

## ON PETITION FOR REHEARING EN BANC

---

GEORGE C. SUMMERFIELD, Stadheim & Grear Ltd., of Chicago, Illinois, filed a petition for rehearing en banc for plaintiff-appellant. With him on the petition was ROLF O. STADHEIM. Of counsel was STEVEN R. PEDERSEN.

ROBERT A. VAN NEST, Keker & Van Nest LLP, of San Francisco, California, filed a response for defendant-appellee. With him on the response were BRIAN L. FERRALL and STEVEN A. HIRSCH. Of counsel on the response were DAN L. BAGATELL and CHAD S. CAMPBELL, Perkins Coie LLP, of Phoenix, Arizona.

---

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, WALLACH, TARANTO, CHEN, and HUGHES, *Circuit Judges.**

DYK, *Circuit Judge*, with whom MOORE and TARANTO, *Circuit Judges*, join, concurs in the denial of the petition for rehearing en banc.

NEWMAN, *Circuit Judge*, with whom LOURIE, O'MALLEY, and WALLACH, *Circuit Judges*, join, dissents from the denial of the petition for rehearing en banc.

O'MALLEY, *Circuit Judge*, with whom NEWMAN, LOURIE, and WALLACH, *Circuit Judges*, join, dissents from the denial of the petition for rehearing en banc.

PER CURIAM.

# **O R D E R**

A petition for rehearing en banc was filed by plaintiff-appellant STC.UNM, and a response thereto was invited by the court and filed by defendant-appellee Intel Corporation. The petition for rehearing en banc and response were referred to the panel that heard the appeal, and thereafter, the petition for rehearing en banc and response were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for panel rehearing is denied.

(2) The petition for rehearing en banc is denied.

---

* Randall R. Rader, who retired from the position of Circuit Judge on June 30, 2014, did not participate in this decision. Circuit Judge Reyna did not participate.

(3)  The mandate of the court will issue on September 24, 2014.

For the Court

September 17, 2014                    /s/ Daniel E. O'Toole
            Date                                     Daniel E. O'Toole
                                                     Clerk of Court

# United States Court of Appeals
# for the Federal Circuit

---

**STC.UNM,**
*Plaintiff-Appellant,*

**v.**

**INTEL CORPORATION,**
*Defendant-Appellee.*

---

2013-1241

---

Appeal from the United States District Court for the District of New Mexico in No. 10-CV-01077, Judge Robert C. Brack.

---

DYK, *Circuit Judge*, with whom MOORE and TARANTO, *Circuit Judges*, join, concurring in the denial of the petition for rehearing en banc.

In my view, en banc review is properly denied. The panel decision here in no way departs from the proper construction of Rule 19.

Rule 19(a) provides the procedural mechanism by which a party can join necessary parties. It applies if, "in [a] person's absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a)(1). It goes on to provide that: "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be

made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2).

Rule 19 by its terms presupposes the existing parties' substantive entitlement to "relief" from another source of law. It therefore does not authorize compulsory joinder when the plaintiff has no substantive right to relief without the consent of that person, *i.e.*, where the right can be asserted only jointly, not unilaterally by the plaintiff. In that situation, without the absent person's consent, the existing plaintiff has no right to "relief" to which Rule 19 applies.

A contrary view of Rule 19 would overstep the boundaries of congressional authorization. Procedural rules cannot be used to abridge, enlarge, or modify any substantive right. 28 U.S.C. § 2072; s*ee also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) ("[R]ules of procedure 'shall not abridge, enlarge or modify any substantive right.'" (quoting § 2072)). Where, as here, there is a substantive right not to join in the assertion of the plaintiff's claim, Rule 19(a) does not apply. Applying the Rule both to compel joinder as a party and on that basis to allow assertion of the infringement claim, as STC.UNM argues, would abridge the rights of the joined party and enlarge the rights of the initial plaintiff.

In other contexts, courts have read Rule 19 as authorizing involuntary joinder of plaintiffs only if the proposed plaintiff is substantively obligated to join. *Caprio v. Wilson*, for example, explained that joinder of involuntary plaintiffs was intended for circumstances in which there was a trust relationship between the plaintiff and involuntary co-plaintiff, obligating the involuntary co-plaintiff to allow its name to be used in the suit. 513 F.2d 837, 839–40 (9th Cir. 1975). When that trust or contractual relationship is lacking, courts have declined to allow plaintiffs to involuntarily join other plaintiffs. *See, e.g.*, *Diagnostic Unit Inmate Council v. Films, Inc.*, 88 F.3d

651, 654 (8th Cir. 1996) (Arkansas Department of Corrections could not be joined as involuntary plaintiff under Rule 19(a) because it "has no obligation, contractual or otherwise, to allow the inmates to use its name to secure declaratory judgment relief" in copyright infringement action); *Caprio*, 513 F.2d at 839–40 (Post Office could not be joined as involuntary plaintiff because there was no trust relationship between appellant and the Post Office who each had an "independent right"); *Coast v. Hunt Oil Co.*, 195 F.2d 870, 871–72 (5th Cir. 1952) (no involuntary joinder of partner with 51% interest under Rule 19(a)).

For these reasons, the decision in this case fully comports with Rule 19. That Rule, as its authorizing statute requires, directs the inquiry to the nature of the underlying substantive rights. It does not alter the scope of those rights. It is substantive patent law, not Rule 19, that answers the dispositive question here: whether one co-owner may unilaterally enforce a patent, without the consent of other co-owners.

As to that underlying substantive-rights question, precedent has long provided a clear answer. This court has consistently recognized that the substantive right to enforce the patent does not belong unilaterally to each co-owner, but requires all of the co-owners' agreement, so that each co-owner has a substantive right not to be involuntarily joined in a patent infringement suit without such agreement. *See, e.g., Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998), *cert. denied*, 525 U.S. 923 (1998) ("[A]s a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit."); *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997) ("Ordinarily, one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit." (citing *Willingham v. Lawton*, 555 F.2d 1340, 1344 (6th Cir. 1977))); *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d

1284, 1289 n.2 (Fed. Cir. 2008) ("[W]e have explicitly held that Rule 19 does not permit the involuntary joinder of a patent co-owner in an infringement suit brought by another co-owner." (citing *Ethicon*, 135 F.3d at 1468)); *Taylor v. Taylor Made Plastics, Inc.*, 565 F. App'x 888, 889 (Fed. Cir. 2014) ("If any co-owner should refuse to join as a co-plaintiff, the suit must be dismissed for lack of standing.") (citation omitted); *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264–65 (Fed. Cir. 2007) ("Absent the voluntary joinder of all co-owners of a patent, a co-owner acting alone will lack standing.") (citation omitted); *Gal-Or v. U.S.*, 470 F. App'x 879, 884 (Fed. Cir. 2012) (same).

The panel dissent and the dissents from the denial of rehearing en banc do not point to any case law that, contrary to this consistent line of precedent, imposes a substantive obligation on a patent co-owner to consent to the assertion of an infringement claim or, therefore, to join an infringement suit absent an agreement or implied agreement to join. Case law indicating that Rule 19 is available to an owner to join a co-owner under circumstances in which there is an agreement by the co-owner to join,[1] or available to someone who, by agreement, is an exclusive licensee,[2] only underscores the importance of absent owners' consent to joinder. Under circumstances in which a plaintiff has a contractual right to unilaterally enforce the patent, Rule 19 unremarkably allows that

---

[1]    *See, e.g.*, *Willingham v. Lawton*, 555 F.2d 1340, 1343 (6th Cir. 1977).

[2]    *See, e.g.*, *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 469 (1926) (explaining that a patent holder holds "the patent in trust for" an exclusive licensee and may therefore be required to serve as a plaintiff on behalf of the exclusive licensee in an infringement action against a third party); *see also Abbot Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1132–33 (Fed. Cir. 1995).

plaintiff to join involuntary plaintiffs. Without agreement, no precedent has held that a co-owner may be involuntarily joined.[3]

Section 262 as long construed provides a foundation for the consistent conclusion that an individual co-owner has no unilateral substantive right to enforce a patent, *i.e.*, that another co-owner has a substantive right not to be involuntarily joined in enforcing the patent. Section 262 provides that, absent agreement to the contrary by the patent holders, each patent holder has the right to unilaterally practice the patent. 35 U.S.C § 262.[4] That right, both before and after enactment of the provision, has been consistently interpreted to include the unilateral right to grant another a license to practice the patent, *see Shum v. Intel Corp.*, 629 F.3d 1360, 1369 (Fed. Cir. 2010); *Schering*, 104 F.3d at 344; *Willingham*, 555 F.2d at 1344 ("It has been held that a co-owner of a patent can even grant a license to a third party without consent of the other owners and neither the co-owner-licensor nor the third-party-licensee is liable to the other owners. *Talbot v. Quaker State Oil Refining*, 104 F.2d 967 (3d Cir. 1939); *Bendix Aviation Corp. v. Kury*, 88 F. Supp. 243 (E.D.N.Y.

---

[3] *IpVenture*'s statement, relied on by one of the dissents, that involuntary plaintiffs can be joined under Rule 19, is dicta because that case did not involve co-owners. *See IpVenture, Inc. v. ProStar Computer, Inc.*, 503 F.3d 1324, 1326 (Fed. Cir. 2007). That dicta has never been relied upon by any subsequent Federal Circuit case, and it is contrary to this circuit's established law.

[4] 35 U.S.C. § 262 provides: "In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners."

1950).  *See Aberdeen Hosiery Mills Co. v. Kaufman*, 96 U.S.P.Q. 133 (E.D.N.Y. 1953).").  If a co-owner can unilaterally license third parties, it follows that such a co-owner may decline to sue for infringement, and another co-owner may not unilaterally sue for infringement. Hence the longstanding recognition that "[o]rdinarily, one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit." *Schering*, 104 F.3d at 345.

Changing this court's approach would disrupt settled precedent of this court, which has not been drawn into question by the Supreme Court.  That precedent provides a clear definition of substantive rights that may, then, be altered by contract. The value of stability is especially great for such rights.  *See Pearson v. Callahan*, 555 U.S. 223, 233 (2009).  Moreover, allowing involuntary joinder of co-owners might compel them to incur attorney's fees, subject them to sanctions in exceptional cases under § 285, and disrupt established business relationships with the defendant or related parties.

The rule against involuntary joinder is well established. Changing that rule would upset settled expectations. There is no reason for en banc review.

# United States Court of Appeals
# for the Federal Circuit

_____

**STC.UNM,**
*Plaintiff-Appellant,*

**v.**

**INTEL CORPORATION,**
*Defendant-Appellee.*

_____

**2013-1241**

_____

Appeal from the United States District Court for the District of New Mexico in No. 10-CV-01077, Judge Robert C. Brack.

_____

NEWMAN, *Circuit Judge,* with whom LOURIE, O'MALLEY, and WALLACH, *Circuit Judges,* join, dissenting from the denial of the petition for rehearing en banc.

The University of New Mexico (through its licensing arm STC.UNM) and the Sandia Corporation are joint owners of the patents in suit, which STC seeks to enforce against Intel Corporation. A split panel of this court held that such an infringement suit cannot proceed, because Sandia has not joined in the suit, and cannot be involuntarily joined despite Federal Rule 19 and its provisions for involuntary joinder of a necessary party. The Rule includes:

**Rule 19.  Required Joinder of Parties**

(a) **Persons Required to Be Joined if Feasible.**

(1) **Required Party.**  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties . . . .

. . . .

(2) **Joinder by Court Order.**  If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Rule 19 is not permissive—yet this court holds that Rule 19 uniquely does not apply in patent cases.  The court today denies STC's petition for *en banc* review, confirming this further removal of patent causes from the mainstream of the law.  I previously commented on this flawed direction, *see STC.UNM v. Intel Corp.*, 754 F.3d 940, 947 (Fed. Cir. 2014) (Newman, J., dissenting), and write again to stress the constitutional and statutory and common law principles that are violated by withdrawal of disputes from judicial resolution.  When access to the courts is barred, a foundation of the nation is eroded.  The Court has observed:

Freedom of access to the courts is a cherished value in our democratic society. . . .  The courts provide the mechanism for the peaceful resolution of disputes that might otherwise give rise to attempts at self-help.  There is, and should be, the strongest presumption of open access to all levels of the judicial system.

*Talamini v. Allstate Ins. Co.*, 470 U.S. 1067, 1070-71 (1985) (Stevens, J., concurring).

The Federal Rules of Civil Procedure have "the force of a federal statute," *Sibbach v. Wilson & Co.*, 312 U.S. 1, 13 (1941). Here Sandia, as patent co-owner, is necessary to the infringement suit in order to protect the defendant from separate suits for the same transgression. Sandia is within the district court's jurisdiction, is subject to process, and can readily be joined.

The requirement that all co-owners must be included in a patent enforcement action flows from the common law, where the Court explained in *Waterman v. Mackenzie*, 138 U.S. 252 (1891), that in order to protect defendants from multiple suits by owners of "an undivided part or share" of the patent, all such owners should be included in suit enforcing the patent:

> The monopoly thus granted is one entire thing, and cannot be divided into parts, except as authorized by those laws. The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States.

138 U.S. 252, 255 (1891); *see also Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 474 (1926) (noting that joinder of all entities with a right of enforcement averts multiple suits for the same acts).

In turn, the patent statute has codified the rights of joint owners of patents, each to have full enjoyment of the patent right (absent contrary agreement). Such enjoy-

ment includes the right to exclude.  Article III states the judicial obligation to assure these rights:

> [U]nder Article III, Congress established courts to adjudicate cases and controversies as to claims of infringement of individual rights whether by unlawful action of private persons or by the exertion of unauthorized administrative power.

*Stark v. Wickard*, 321 U.S. 288, 310 (1944).

The Federal Rules state the procedural foundations of the processes of law.  The unique exclusion of patent cases from Federal Rule 19 is as peculiar as it is unjustified. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968) (discussing the criteria for necessary parties to litigation).

The Federal Rules of Civil Procedure are "in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions."  *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988); *see also, e.g.*, 28 U.S.C. §2072; *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406-07 (2010).

The Federal Rules have consistently been applied to facilitate judicial dispute resolution, to settle legal controversies—not to bar aggrieved persons from access to judicial attention.  "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *see also Fed. Res. Corp. v. Shoni Uranium Corp.*, 408 F.2d 875, 877-78 (10th Cir. 1969) ("To obtain this result [of an adjudication binding on all interested persons] is the very purpose of Rule 19 and reflects the true interest of all litigants, both state and federal courts, and, indeed, the

public itself. Legal controversies should be settled, when possible, in whole and not through multiple litigation." (citing *Provident Tradesmens Bank*, 390 U.S. at 108)).

No justification can be found for withdrawing or excluding the co-owner of a patent from access to legal process. Section 281 of Title 35 provides that "A patentee shall have remedy by civil action for infringement of his patent." Rights in patent property as between joint owners are the rights of owners "in common," *Pitts v. Hall*, 19 F. Cas. 758, 760 (C.C.N.D.N.Y. 1854) (No. 11,193); *Clum v. Brewer*, 5 F. Cas. 1097 (C.C.D. Mass. 1855) (No. 2,909), and are enforceable in accordance with the patent statute, the laws of property, and the procedural Rules of the federal courts.

In accordance with the common law right of owners in common, such owners are not liable to share their profits, *see* 35 U.S.C. §262 ("In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners."). The right to use and sell the patented invention necessarily includes the right to exclude others from the patented invention, in analogy to the right and duty to avoid waste of property owned in common. *See Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012) (the right to exclude "is a fundamental tenet of patent law").

The "proper case" for involuntary joinder of a plaintiff is predicated on a duty owed to the plaintiff by the party whose joinder is sought. *Cf., e.g., Sheldon v. West Bend Equip. Corp.*, 718 F.2d 603, 606 (3d Cir. 1983) ("[W]e must ask, first, whether [employer] had a duty to permit [plaintiff] to use its name to protect the rights asserted in the action . . . ."); *Caprio v. Wilson*, 513 F.2d 837, 839-40 (9th Cir. 1975) ("[A]uthorization in Rule 19(a) to join a

party as an involuntary plaintiff may be invoked only when the party sought to be joined has a duty to allow plaintiff to use his name in the action." (quotation omitted)). For patent cases, to facilitate 35 U.S.C §281 ("A patentee shall have remedy by civil action for infringement of his patent."), Rule 19 implements the duty discussed in *Independent Wireless*, for joinder in an action brought by the exclusive licensee arises because the patent owner

> holds the title to the patent in trust for such a licensee, to the extent that he must allow the use of his name as plaintiff in any action brought at the instance of the licensee in law or in equity to obtain damages for the injury to his exclusive right by an infringer, or to enjoin infringement of it. . . .

269 U.S. at 459. Likewise, patent owners in common have a similar duty to avoid waste of the property they own in common. Rule 19 provides a simple procedure for implementing that right, while continuing to protect the defendant.

This court holds that a party who is necessary to the action cannot be joined, and therefore that the action cannot proceed. Yet our constitutional framework provides for resolution of property disputes through judicial attention. An arbitrary rule that excludes enforcement of a property right that is owned in common, cannot be reconciled with the principles of the rule of law. At a minimum, this ruling should be reviewed by the en banc court, not tacitly confirmed.

# United States Court of Appeals
# for the Federal Circuit

---

**STC.UNM,**
*Plaintiff-Appellant,*

**v.**

**INTEL CORPORATION,**
*Defendant-Appellee.*

---

2013-1241

---

Appeal from the United States District Court for the District of New Mexico in No. 10-CV-01077, Judge Robert C. Brack.

---

O'MALLEY, *Circuit Judge*, with whom NEWMAN, LOURIE, and WALLACH, *Circuit Judges*, join, dissenting from the denial of the petition for rehearing en banc.

The panel majority "holds that the right of a patent co-owner to impede an infringement suit brought by another co-owner is a substantive right that trumps the procedural rule for involuntary joinder under Rule 19(a)" of the Federal Rules of Civil Procedure. *STC.UNM v. Intel Corp.*, 754 F.3d 940, 946 (Fed. Cir. 2014). It reaches this conclusion, however, without adequately explaining the legal footing upon which it is premised. It fails to ground its holding in either federal common law or the provisions of the Patent Act and ignores the mandatory nature of the Federal Rules of Civil Procedure.

Several things are clear about Rule 19. First, Rule 19(a)(1)(A) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must* be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A) (emphasis added). Second, Rule 19, like all other Federal Rules of Civil Procedure, is "as binding as any federal statute." *Stone Container Corp. v. United States*, 229 F.3d 1345, 1354 (Fed. Cir. 2000) ("[T]he Federal Rules of Civil Procedure, like the Federal Rules of Criminal procedure, are 'as binding as any federal statute.'" (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988)). Third, again, like all other Rules of Civil Procedure, Rule 19 applies in patent cases just as fully as it applies in all other federal civil actions. *See, e.g.*, *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006) (rejecting this court's attempt to develop a rule regarding the right to injunctive relief "unique to patent disputes," holding that "the traditional four-factor framework . . . governs the award of injunctive relief"). And, finally, it is Rule 19—not substantive judge-made laws governing joinder—that establishes the criteria for assessing joinder. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 n.13 (1968) (citing with approval to a commentator who noted that "there is no case support for the proposition that the judge-made doctrines of compulsory joinder have created substantive rights beyond the reach of the rulemaking power" (quoting 2 Barron & Holtzoff, Federal Practice & Procedure § 512, n. 21.14 (1967 Supp.) (Wright ed.)).

Despite these principles, the panel majority concludes that there is a substantive patent law right which not only makes a patent co-owner a necessary party to an infringement action, but prohibits involuntary joinder of that necessary party and "trumps" the dictates of Rule 19. Careful scrutiny of the cases upon which the majority

relies to create this overriding substantive patent law right reveals, however, that it is predicated upon a series of misinterpretations and misstatements of that purported authority. There is nothing, moreover, in either the panel majority opinion or the cases upon which it relies which explains why any such substantive patent law right would be powerful enough to overcome the mandatory requirements of Rule 19(a).

I believe we should consider this case en banc to analyze whether there is any statutory or other foundation for the so-called substantive patent law right to which the panel majority clings and, if so, whether it is that right, or Rule 19, that provides the criteria for our analysis of joinder in this and other patent cases that come before us and the district courts. I respectfully dissent from the court's refusal to do so.

## I. RULE 19 IS MANDATORY

Absent any statutory support and without federal common law authority, there is no source from which the panel majority's alleged substantive right derives. Accordingly, we are required to apply Rule 19, and the panel majority's refusal to do so violates the Rules Enabling Act.

The Rules Enabling Act provides that "[t]he Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts . . . and courts of appeals." 28 U.S.C. § 2072(a). Those rules "shall not abridge, enlarge or modify any substantive right." *Id.* at § 2072(b). Pursuant to this statutorily-granted authority, the Supreme Court promulgated the Federal Rules of Civil Procedure, which: (1) "have the force [and effect] of a federal statute," *Bright v. United States*, 603 F.3d 1273, 1279 (Fed. Cir. 2010) ("In light of this statutory promulgation scheme, the Supreme Court has held that the Federal Rules of Civil Procedure are deemed to have 'the force [and effect] of a federal statute.'") (citation omitted);

and (2) apply in all civil actions, *see* Fed. R. Civ. P. 1 (with certain limited exceptions, the Federal Rules "govern the procedure in all civil actions and proceedings in the United States district courts").

Rule 19(a) provides for the involuntary joinder of a necessary party. The rule states, in relevant part, that:

(a) Persons Required to be Joined if Feasible.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a)(1)-(2). By its terms, therefore, when a person satisfies the requirements of Rule 19(a), joinder of that person is required.

If joinder of a required party is not feasible, Rule 19(b) provides that "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). That analysis involves consideration of several factors specified in Rule 19(b), including: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided"; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b)(1)-(4).

We have determined that "[w]hether a party is indispensable under Rule 19(b) is a matter of regional circuit law." *Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1269 (Fed. Cir. 1998). The Tenth Circuit applies a three part test to determine whether a party is "indispensable" to an adjudication. *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 (10th Cir. 2012). First, the court must find that the party is "required to be joined" under Rule 19(a). *Id.* Second, "the court must determine that the required party cannot feasibly be joined." *Id.* Finally, the court must assess under Rule 19(b) "whether the required-but-not-feasibly-joined party is so important to the action" that it cannot "in equity and good conscience" proceed in the person's absence. *Id.* at 1278-79.

Here, the district court essentially collapsed the three prongs of its Rule 19 analysis into one. The court found that: (1) Sandia is a necessary party because "substantive patent law requires that co-owners of a patent be joined in

an infringement action"; (2) joinder of Sandia is not feasible "due to substantive patent law, which allows a co-owner to decline to participate in an infringement action"; and (3) Sandia is indispensable because to find otherwise "would be to negate one of the rights of patent ownership: to block an infringement action by refusing to partici-pate." Memorandum Opinion and Order, *STC.UNM v. Intel Corp.*, No. 10-cv-1077 (D.N.M. Jan. 17, 2013), ECF No. 246 at 18-20. In reaching these conclusions, the district court ignored the mandatory language in Rule 19(a)(1)(A). Because it is undisputed that Sandia is a necessary party and jurisdiction and venue are proper, joinder was required under Rule 19(a). *STC.UNM*, 754 F.3d at 948 (Newman, J., dissenting) ("It is not disputed that Sandia is a necessary party, and that Sandia is within the court's personal jurisdiction, with appropriate venue.").

Recognizing the mandatory nature of Rule 19, one panel of this court has noted, albeit in dictum, that "all entities with an independent right to enforce the patent are indispensable or necessary parties to an infringement suit. When such an entity declines to join in the suit it may be joined involuntarily, either as a party plaintiff or party defendant . . . ." *IpVenture, Inc. v. ProStar Comput-er, Inc.*, 503 F.3d 1324, 1326 (Fed. Cir. 2007) ("[W]e need not reach the question of whether the district court had discretion, in applying Fed. R. Civ. P. 19(a), to permit the addition of parties in this case without requiring dismis-sal and refiling by the plaintiff.").

For its part, the Supreme Court has indicated in a non-patent case that Rule 19—not substantive law—applies when determining who must participate in a lawsuit. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968). There, the Third Circuit declined to follow Rule 19, and, instead, held that "the right of a person who 'may be affected' by the judgment to be joined is a 'substantive' right, unaffected by the federal

rules; that a trial court 'may not proceed' in the absence of such a person; and that since [one party] could not be joined as a defendant without destroying diversity jurisdiction the action had to be dismissed." *Id.* at 107.[1] The Supreme Court reversed, holding that "Rule 19(b), which the Court of Appeals dismissed as an ineffective attempt to change the substantive rights . . . is, on the contrary, a valid statement of the criteria for determining whether to proceed or dismiss in the forced absence of an interested person." *Id.* at 125.

The panel majority's invocation of a substantive right "of a patent co-owner to impede an infringement suit brought by another co-owner," and its concomitant refusal to apply Rule 19(a) seems inconsistent with the Supreme Court's conclusion that it is Rule 19—and only its mandatory dictates—that sets forth the criteria for joinder. *See STC.UNM*, 754 F.3d at 946. This court should assess whether there is actually some statutory or other basis for the controlling "substantive right" the district court and panel majority now declares to exist and, if so, whether it is a right that is sufficient to overcome the dictates of Rule 19's provisions for involuntary joinder.

---

[1] At the outset, the Court noted that the absent party fell within the category of persons who should be "joined if feasible" under Rule 19(a), but "could not be made a defendant without destroying diversity." *Provident Tradesmens*, 390 U.S. at 108. Because Rule 19(a) provides that joinder cannot deprive the court of subject-matter jurisdiction, the Court focused its analysis on Rule 19(b), which asks whether the court should dismiss the action or proceed without the absent party. *Id.* at 108-09. The Court's discussion of the interplay between alleged substantive rights and Rule 19 remains relevant to our analysis here, even though it occurred when discussing Rule 19(b) rather than Rule 19(a).

Notably, there is no dispute over whether co-owners are necessary parties to infringement actions; the question we must address is whether a co-owner's mere recalcitrance can prevent enforcement of another co-owner's rights. Rule 19(a) is designed to address circumstances just like those at issue here. *See* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1606 (3d ed. 2013) ("The joinder of an absent person who should be a plaintiff as an involuntary plaintiff is authorized by the second half of the third sentence of Rule 19(a). . . . The purpose of this procedure is to mitigate some of the harshness that occasionally results when the joinder of a nonparty is found to be desirable but the nonparty refuses to join in the action."). Involuntary joinder assumes recalcitrance by the joined party (or, as here, a preference to remain neutral), but authorizes joinder nonetheless. Rule 19(a) makes no exception for recalcitrant patent owners and we, to date, have not explained from where such an exception derives. *See id.* (noting that the "most typical application" of Rule 19(a) "has been to allow exclusive licensees of patents and copyrights to make the owner of the monopoly an involuntary plaintiff in infringement suits").[2]

The cases the concurrence claims support the contrary proposition do not do so. Rule 19(a) provides for involuntary joinder when the parties to be joined are necessary to a proper resolution of the dispute being litigated—like co-

---

[2]    The suggestion by the concurrence that application of Rule 19(a) to reluctant patent co-owners would subject them to sanctions and attorney fees is curious; it is extraordinarily so. It is difficult to imagine a world in which a district court would see fit to impose sanctions on an involuntary plaintiff, who neither initiated the litigation, nor actively participated in it. And, should such an order ensue, it is impossible to imagine a world in which we would not vacate it.

owners of a patent. *See Institut Pasteur v. Cambridge Biotech Corp.,* 186 F.3d 1356, 1372 (Fed. Cir. 1999) (noting that the inquiry under Rule 19(a) is "whether the party *should* be joined if feasible, *i.e.*, is the party 'necessary'"); *see also A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1220 (Fed. Cir. 2010) ("If a party is deemed necessary under Rule 19(a), but cannot be joined, then a court must consider whether that party is indispensable and dismissal appropriate under Rule 19(b)."). In the cases the concurrence cites, the question addressed was either whether there was standing to bring suit or whether the basic predicate for application of Rule 19(a) was satisfied—i.e., whether the unwilling party was necessary to, or even had anything remotely to do with the plaintiff's claims. *See Caprio v. Wilson*, 513 F.2d 837, 839-40 (9th Cir. 1975) (concluding, in a case involving a congressman's alleged misuse of the "franking privilege" by mailing a congressional newsletter, that the district court's refusal to join the Post Office as an involuntary plaintiff under Rule 19(a) was proper because "no trust relationship exist[ed] between appellant and the Post Office" and "[e]ach has an independent right which may be exercised")[3]; *see also Diagnostic Unit Inmate Council v. Films Inc.*, 88 F.3d 651, 653-54 (8th Cir. 1996) (where the Arkansas Department of Corrections ("ADC") was joined as an involuntary plaintiff under Rule 19(a) but "declined to take a position in the lawsuit," the court concluded that "ADC ha[d] no obligation, contractual or otherwise, to allow the inmates to use its name to secure declaratory judgment relief that only ADC may seek"); *Coast v. Hunt Oil Co.*, 195 F.2d 870, 872 (5th Cir. 1952) (rejecting appellant's argument that, as a partner with a forty-nine percent interest in a partnership, he had the right to

---

[3] In *Caprio*, the court specifically noted that Rule 19(a) is "use[d] almost exclusively in patent and copyright infringement cases." 513 F.2d at 839.

make the partnership an involuntary plaintiff under Rule 19(a) or to make his unwilling partner a party defendant because "the plaintiff himself has no standing, joint or otherwise, to maintain this action"). Thus, in none of those cases did the court decide—contrary to the dictates of the Supreme Court and the Rules Enabling Act—that, where the predicate for application of Rule 19 has been satisfied (as it undeniably is here), the rule can be ignored.

## II. DEVELOPMENT OF THE ALLEGED "SUBSTANTIVE RIGHT"

The majority relies primarily on this court's prior decision in *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998) to outlaw use of involuntary joinder of co-owners in patent cases. Neither *Ethicon* nor the cases on which it relies specifically holds that a patent co-owner cannot be involuntarily joined under Rule 19(a). Instead, examination of the pertinent case law reveals that repeated references to unsupported dicta have morphed into a hard and fast rule from which this court refuses to deviate and which it now refuses to justify.

In *Ethicon*, we quoted an earlier Federal Circuit decision for the proposition that "'one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit.'" 135 F.3d at 1468 (quoting *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997)). *Schering*, in turn, relied solely on a Sixth Circuit decision—*Willingham v. Lawton*, 555 F.2d 1340 (6th Cir. 1977)—not on the Patent Act or even preexisting federal common law. But *Willingham* did not purport to create any substantive patent rights. In fact, the *Willingham* court expressly declined to address the patent co-owner's argument that it had a substantive right not to be forced to join the action under Rule 19(a). As explained below, Rule 19 was not at issue in either *Schering* or *Ethicon*, and the court in *Willing-*

*ham* actually endorsed the application of Rule 19(a) on the facts before it.  Accordingly, none of these cases gives rise to a substantive patent right that can trump application of Rule 19.

First, the "crux of the problem" in *Willingham* was "whether a co-owner could authorize by contract another co-owner to file suit for patent infringement without the permission of the first co-owner, in an action in which the unwilling co-owner is joined as an involuntary plaintiff under Rule 19."  555 F.2d at 1343-44.  Although the patent co-owner, Star, argued that "Rule 19(a) is procedural and does not alter the substantive law requiring voluntary joinder of all co-owners of a patent in a suit for its infringement," the court found that it "need not reach this issue," because Star waived any objection by signing a contract that gave either co-owner the right to initiate an infringement action in its sole discretion.  *Id.* at 1343 n.5.  The court further explained that: (1) "[m]aking a patent owner an involuntary plaintiff is not new;" (2) "[j]oining Star as an involuntary plaintiff protects the interests of both the defendants"; and (3) "Rule 19(a) requires the continued joinder of Star as an involuntary plaintiff in the infringement suit."  *Id.* at 1346.  The Sixth Circuit recognized the "general rule that all co-owners of a patent must be joined as plaintiffs before an infringement suit can be initiated," in *Willingham*.  *Id.* at 1343 (citing *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891)).[4]  It did

---

[4]    In *Waterman*, the Supreme Court explained that a patentee or his assignee may grant and convey to another: (1) the whole patent; (2) an undivided part or share of that exclusive right; or (3) "the exclusive right under the patent within and throughout a specified part of the United States."  138 U.S. at 255.  "A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of

not create or purport to create any new substantive patent law right that would trump application of Rule 19, however. Indeed, it expressly stated it was not addressing that question because it found any rights Star *might have had* on that score to have been waived. *Id.* at 1343 n.5 (*comparing Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 (1968) (recognizing that Rule 19(b) is "a valid statement of the criteria for determining whether to proceed or dismiss in the forced absence of an interested person" and that "judge-made doctrines of compulsory joinder" do not create substantive rights falling outside the reach of the rule), *with Gibbs v. Emerson Elec. Mfg. Co.*, 29 F. Supp. 810, 812 (D. Mo. 1939) (concluding that "it appears that one joint owner or coowner or tenant in common of a patent right cannot compel the other coowner to join in a suit for an infringement").

*Schering* involved a dispute between two co-owners of a pharmaceutical patent: Schering and Roussel. Schering sued Zeneca for infringement, and two weeks later, Roussel granted a license to Zeneca. Schering argued that the terms of its co-ownership agreement with Roussel—which provided that, "if one of the co-owners files an infringement suit, it can call on the non-suing co-owner to provide 'reasonable assistance' in connection with the litigation"— meant that the non-suing party could not grant a license to a defendant or prospective defendant. *Schering*, 104 F.3d at 345-46. Undertaking a contract analysis, we held

---

the patent itself, with a right to sue infringers; in the second case, jointly with the assignor; in the first and third cases, in the name of the assignee alone." *Id.* Importantly, the "development of the practice of joining a party as an involuntary plaintiff was a response" to *Waterman*. 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1606 (3d ed. 2013).

that nothing in the agreement limited the right to grant licenses under the patent, but that "the grant of a license by one co-owner cannot deprive the other co-owner of the right to sue for accrued damages for past infringement." *Id.* at 345.

Involuntary joinder was not at issue on appeal in *Schering* because, at the district court level, "Schering joined Roussel as an involuntary plaintiff pursuant to Rule 19(a)." *Schering Corp. v. Zeneca Inc.*, 958 F. Supp. 196, 197 (D. Del. 1996); *see also Schering*, 104 F.3d at 346 (noting that the "co-ownership agreement made Roussel subject to being named as an involuntary plaintiff in an infringement action brought by Schering"). Accordingly, this court in *Schering* did not address or analyze Rule 19; it proceeded on the assumption that joinder under Rule 19(a) had occurred and that no objection to it had been raised on appeal. While we did cite the Sixth Circuit's *Willingham* decision for the proposition that, "[o]rdinarily, one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join," the "impediment" to which we referred was not due to non-joinder or a "refus[al] to voluntarily join"—it was due to the co-owner's decision to license the patent to the accused infringer prospectively. *Schering*, 104 F.3d at 345 (citing *Willingham*, 555 F.2d at 1344). We explained that, "by granting a license to a prospective infringement defendant, or to a defendant that has already been sued for infringement, a patent co-owner can effectively deprive its fellow co-owner of the right to sue for and collect any infringement damages that accrue *after* the date of the license." *Schering*, 104 F.3d at 345 (emphasis added). Again, we never said a co-owner could deprive a fellow co-owner of his or her rights merely by not joining in an infringement action.

In *Ethicon*, the co-owner of the patent—Dr. Choi—granted a "retroactive license" to the accused infringer—U.S. Surgical—and thus could not consent to an infringe-

ment suit against it. *Ethicon*, 135 F.3d at 1459. Because the parties stipulated to Choi's intervention as defendant-intervenor in the case, the majority neither cited nor discussed Rule 19. *Id*. at 1458. Instead, the court focused on the scope of the "retroactive license." Specifically, the court found that: (1) "a license to a third party only operates prospectively;" and (2) absent agreement otherwise, "a co-owner cannot grant a release of another co-owner's right to accrued damages." *Id*. at 1467 (concluding that "Choi cannot release U.S. Surgical from its liability for past accrued damages to Ethicon, only from liability to himself"). In the context of its retroactive licensure discussion, the court explained that, "as a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit." *Id*. at 1468.[5] The court did not cite any authority for this so-called "substantive patent law," but subsequently cited *Schering* for the proposition that one co-owner can "impede" the other co-owner's ability to pursue an infringement action. *Id*. (quoting *Schering*, 104 F.3d at 345). As in *Schering*, however, Choi's ability to "impede" Ethicon's

---

[5] The court recognized two exceptions: (1) "when any patent owner has granted an exclusive license, he stands in a relationship of trust to his licensee and must permit the licensee to sue in his name"; and (2) "[i]f, by agreement, a co-owner waives his right to refuse to join suit, his co-owners may subsequently force him to join in a suit against infringers." *Ethicon*, 135 F.3d at 1468 n.9 (citing *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 469 (1926); *Willingham*, 555 F.2d at 1344-45). As the dissent in the present case points out, it makes little sense to say "that when an infringement suit is brought by an exclusive licensee, the patent owner can be joined; but when an infringement suit is brought by a co-owner, the other co-owner cannot be involuntarily joined." *STC.UNM*, 754 F.3d at 951 (Newman, J., dissenting).

infringement action was not due to non-joinder, particularly since Choi was already a voluntary party to the case. Instead, it was because Choi had granted a license to U.S. Surgical. The court concluded that dismissal was warranted because "Choi did not consent to an infringement suit against U.S. Surgical and indeed can no longer consent due to his grant of an exclusive license," and thus "Ethicon's complaint lacks the participation of a co-owner of the patent." *Id.* at 1468. Because the court's decision in *Ethicon* did not involve joinder or Rule 19, it cannot stand for the proposition that Rule 19 cannot be invoked to force joinder when no license impedes doing so.

The panel majority here states that "[w]hether this court in *Ethicon* expressly mentioned Rule 19(a)—the involuntary joinder provision—does not change the effect the holding had on it." *STC.UNM*, 754 F.3d at 946. But the majority in *Ethicon* did not discuss joinder under Rule 19, did not purport to harmonize the requirements of Rule 19 with preexisting substantive patent law, and—because the decision was focused on licensing issues—did not create any new principles of law applicable to future cases involving the involuntary joinder of patent co-owners. Importantly, the *Ethicon* majority's silence cannot be evidence of its position with respect to Rule 19, even though the dissenting opinion discussed the rule. *Ethicon*, 135 F.3d at 1472 (Newman, J., dissenting) ("There is no barrier to the involuntary joinder of a joint inventor and/or co-owner under Rule 19, if such is needed to bring before the court all persons deemed necessary to the suit."); *see also United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 261 F.3d 245, 260 (2d Cir. 2001) ("[W]e require more than the Court's silence on this point before concluding that it either rejected or accepted the public/private distinction advocated by the concurring and dissenting opinions.").

Although our *Ethicon* decision was not based on Rule 19, we subsequently stated that it "explicitly held that

Rule 19 does not permit the involuntary joinder of a patent co-owner in an infringement suit brought by another co-owner." *DDB Technologies, L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1289 n.2 (Fed. Cir. 2008) (citing *Ethicon*, 135 F.3d at 1468). It is unclear, however, why the court in *DDB* would say that *Ethicon* made an *explicit* holding with respect to Rule 19 when it was not even mentioned in the majority opinion. In any event, the reference to *Ethicon* in *DDB* was dictum because the sole issue before the court in that case dealt with entitlement to jurisdictional discovery. *Id.* at 1286 ("[W]e hold that the district court erred in denying DDB's request for jurisdictional discovery.").[6]

Tracing the origin of this so-called rule of substantive patent law makes clear that, prior to the panel majority's decision in this case, we had never explicitly held that one patent co-owner cannot involuntarily join the other. Neither *Schering* nor *Ethicon* made any pronouncements

---

[6] Other decisions from this court have perpetuated the idea that all co-owners must ordinarily join as plaintiffs in an infringement suit, but, again, Rule 19(a) was neither raised nor addressed in those cases. *See Isr. Bio-Eng'g Project v. Amgen*, 475 F.3d 1256, 1264 (Fed. Cir. 2007) (citing *Ethicon* and *Schering* to find that "one co-owner has the right to limit the other co-owner's ability to sue infringers by refusing to join voluntarily in the patent infringement suit"); *Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1331 (Fed. Cir. 2001) (citing *Ethicon* for the proposition that United States patent law "requires that all co-owners normally must join as plaintiffs in an infringement suit"). Mere repetition of dicta—without any accompanying analysis and without consideration of Rule 19—cannot give rise to a substantive patent right sufficient to overcome application of that rule.

on involuntary joinder that were necessary to the resolution of those cases. As it stands, therefore, there is no preexisting federal common law supporting the panel majority's declaration of a substantive patent right that wholly trumps application of Rule 19.[7]

### III. WE HAVE NOT IDENTIFIED A STATUTORY BASIS FOR THIS SO-CALLED SUBSTANTIVE PATENT RIGHT

Notably, the panel majority does not attempt to identify a statutory foundation for the alleged substantive patent right. In *Ethicon*, the court suggested that the

---

[7] STC.UNM argues in its petition for rehearing that we lack the judicial authority to create a substantive patent right. Intel responds that the panel decision does not create or purport to create any federal common law and instead is an "interpretation, harmonization, and application of the Patent Act, the Rules Enabling Act, and Rule 19." Intel's Opp. to Petition for Rehearing En Banc 11. The panel majority does not discuss federal common law principles and does not purport to derive the alleged substantive right at issue from federal common law. Although there is "no federal general common law," the Supreme Court has "recognized the need and authority in some limited areas to formulate what has come to be known as 'federal common law.'" *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640 (1981) (citations omitted). "These instances are 'few and restricted,' and fall into essentially two categories: those in which a federal rule of decision is 'necessary to protect uniquely federal interests,' and those in which Congress has given the courts the power to develop substantive law." *Id.* (internal citations omitted). Neither category seems to support the creation of a common law "substantive right" that one co-owner can in all circumstances prevent a patent infringement suit by refusing to join that suit as a plaintiff.

general principle it gleaned from *Schering* and *Willingham* found support in Section 262 of the Patent Act, which provides that:

> In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners.

35 U.S.C. § 262. It is well-established that "[e]ach co-owner's ownership rights carry with them the right to license others, a right that also does not require the consent of any other co-owner." *Schering*, 104 F.3d at 344. Given these rights, the *Ethicon* court declared that "the congressional policy expressed by section 262 is that patent co-owners are 'at the mercy of each other.'" *Ethicon*, 135 F.3d at 1468 (quoting *Willingham*, 555 F.2d at 1344). But Section 262 merely sets forth the rights of patent co-owners absent an agreement; it says nothing to support the existence of a substantive patent right that would trump the mandatory joinder requirements in Rule 19. Nothing in Section 262 suggests that one co-owner can deprive the others of their rights to enforce the patent. To the contrary, the statute specifically provides that each co-owner has an independent right to practice the patent.

While it is clear that patent co-owners can license their rights to the patent *going forward*, we have held that:

> the grant of a license by one co-owner cannot deprive the other co-owner of the right to sue for accrued damages for past infringement. That would require a release, not a license, and the rights of a patent co-owner, absent agreement to the contrary, do not extend to granting a release that would

> defeat an action by other co-owners to recover damages for past infringement.

*Schering*, 104 F.3d at 345; *see also Ethicon*, 135 F.3d at 1467 ("Nonetheless Choi cannot release U.S. Surgical from its liability for past accrued damages to Ethicon, only from liability to himself."). Thus, while each co-owner is able to enter into an agreement with a potential infringer prospectively, it cannot release that infringer's liability for damages a co-owner suffered for past infringement. Despite this settled principle, the panel majority here holds that one co-owner *can* prevent another co-owner's claim for accrued damages for past infringement simply by refusing to join as a plaintiff in the infringement suit. In doing so, the panel majority has created an inconsistency with our prior decisions in *Schering* and *Ethicon*. Perhaps more importantly, the panel majority's decision will interfere with litigants' ability to access the courts to enforce their patent rights.

The majority's decision here also conflicts with the fact that the grant of a patent statutorily includes "the right to exclude others." 35 U.S.C. § 154(a)(1). We have specifically recognized that "[a] patentee's right to exclude is a fundamental tenet of patent law." *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012) (citations omitted). It seems inconsistent to say that each co-owner has an independent right to practice the patent, but that they may prevent one another from enforcing the fundamental right of exclusion solely because they "prefer[] to take a neutral position." *See STC.UNM*, 754 F.3d at 943.

Finally, the Patent Act provides that "[a] patentee *shall* have remedy by civil action for infringement of his patent." 35 U.S.C. § 281 (emphasis added). In other words, each co-owner has a right to file a civil action to enforce the patent. But the effect of the panel majority's decision here is that, if a patent co-owner refuses to join

the infringement suit voluntarily as a plaintiff, it can prevent the other owner from obtaining judicial relief for accrued damages. If that were the case, then Section 281's statutorily-mandated right to a civil action would have little meaning. Accordingly, while there may be some other support for this so-called overriding "substantive right" against involuntary joinder in patent infringement cases, the panel majority has provided no statutory basis for its decision, which actually appears inconsistent with several provisions of the Patent Act.

## IV. CONCLUSION

The panel majority cites our prior decisions in *Ethicon, Schering*, and *DDB* as support for its holding that a patent owner or co-owner cannot be forced to join as a plaintiff in a patent infringement suit. But mere repetition of an unsupported proposition that originated in dicta cannot give rise to a substantive patent right sufficient to overcome the requirements of Rule 19(a).

Rather than once again simply exempt patent law from the rules that govern all federal litigation, we should either: (1) clarify the basis for this so-called substantive right against involuntary joinder in patent infringement cases and explain why it can overcome the dictates of Rule 19; or (2) hold that Rule 19 applies, including the provisions for involuntary joinder set forth therein, and direct the lower court to consider the propriety of joinder or dismissal under that rule alone. For these reasons, I respectfully dissent from the court's denial of STC's request for rehearing en banc.